Argued and submitted May 31, rule held invalid August 21, 1985

HAY et al,
*Petitioners,*

*v.*

DEPARTMENT OF TRANSPORTATION et al,
*Respondents.*

(CA A32904)

705 P2d 240

William Dickas, Portland, argued the cause for appellant. With him on the brief were Kell, Alterman & Runstein, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were David B. Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Robert W. Muir, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

The petitioners in this proceeding under ORS 183.400 challenge the validity of the portion of OAR 736-24-005(2) that prohibits motor vehicle travel on a beach area, but that creates an exception

"[b]etween sunrise and sunset from Ecola Court in 'Cannon Beach southerly 300 feet for vehicle parking March 1 to September 30."

Petitioners own a motel that fronts on the part of the beach where parking is permitted. They also hold title to the dry sands area of the beach, but their interest is subject to the public rights and state regulatory authority defined in *State ex rel Thornton v. Hay,* 254 Or 584, 462 P2d 671 (1969).[1]

Petitioners' principal basis for challenging the rule is that it exceeds the Department of Transportation's statutory authority. ORS 183.400(4)(b). Respondents contend that ORS 390.660 and ORS 390.668(1) authorize the rule. The former section provides:

"The Department of Transportation is hereby directed to protect, to maintain and to promulgate rules governing use of the public of property [including the beach property in question]."

ORS 390.668(1) provides:

"The Department of Transportation may establish zones on the ocean shore where travel by motor vehicles * * * shall be restricted or prohibited. After the establishment of a zone * * * no such use shall be made of such areas except in conformity with the rules of the department."

Petitioners argue:

"The rule in dispute goes quite a bit beyond the authority of ORS 390.668. It was not the purpose or the effect of the rule in dispute to create vehicle-free beach zones. The rule frankly created a parking area; it says as much."

We disagree with petitioners' contention that the designation of a parking area is outside the statutory authority of the

---

[1] Petitioners were the defendants in *Hay.* The record does not indicate that the beach property involved here is the same as the property that was directly involved in the earlier case. The public rights described in *Hay,* however, exist all along the Pacific shore of Oregon.

Department of Transportation to restrict motor vehicle travel. The power to *restrict* the movement of motor vehicles in a zone on the beach includes the power to allow them to park in the zone and to designate the area within the zone and the time for parking. Petitioners' suggestion that respondents may regulate vehicular travel only by creating "vehicle-free beach zones" is incorrect. ORS 390.668(1) authorizes the department to *restrict* as well as to prohibit travel in the zones it establishes and the statute provides that no vehicular use shall be made of the zones after their establishment *"except* in conformity with the rules of the department." (Emphasis supplied.) We conclude that the challenged rule is within the authority that ORS 390.668(1) confers.

Petitioners also argue that the rule constitutes a taking of their property without just compensation and, therefore, violates Article I, section 18, of the Oregon Constitution and the Fifth Amendment. Whether a taking has occurred is a fact question that cannot be resolved in this proceeding. *See* ORS 183.400(3). The remedy for a taking where compensation has not been offered is an "inverse condemnation" action. *See, e. g., Tomasek v. Oregon Highway Comm'n,* 196 Or 120, 248 P2d 703 (1952).[2]

Rule held valid.

---

[2] Petitioners have brought a separate action alleging trespass and nuisance, in which they named respondents here as defendants. We have affirmed the judgment for defendants in that case without opinion. *Hay v. Department of Transportation,* 75 Or App 125, 705 P2d 242 (1985).